Daniel, J.
 

 The bill of sale for the slaves was absolute and was not registered for eighteen months after it was given. The slaves were left by the vendee in the possession of the vendor, who was then very much in debt, and soon became insolvent. The vendee, much in debt, was"the mother-in-law of the vendor. The sale was made in a secret manner, no
 
 *647
 
 person being present but the parties to it, except the witness, who was the father of the vendor ; the law requiring at least one witness to it. The court told the jury, that they must be satisfied that the sale was
 
 bona fide,
 
 and for a valuable consideration, otherwise the creditors of the Vendor had a right to object, and to treat the transaction as a nullity: and that if the vendor was much in debt at the time, and there was an understanding between them, that he was not to collect the note given for the purchase money, and the object was to transfer the slaves to her, to keep off his creditors, then the sale was fraudulent and void. The court further said, that if it was a part of the contract that the vendor should keep possession of the slaves, and have the use of them as long as he could do so, without the interference of his creditors, or until the plaintiff should be required to pay the purchase money, then it would present the case of a secret trust, for the benefit of the debtor, at the expense of his creditors, which would render the transaction fraudulent and void as to them. It would enable him to obtain a false credit; and the vendee, aiding in this, shall be postponed to the creditors. And if the sale was made by the parties to it, for the purpose .of turning the vendor’s interest in the slaves into
 
 choses
 
 in action, which would not in law be liable to the
 
 fieri facias
 
 of his creditors, then it was-fraudulent and void.
 

 We do not discover from the case sent here, that the court charged that the bare fact of leaving the slaves in the possession of the vendor was
 
 per se
 
 fraudulent, after he had made an absolute bill of sale of them. Such retaining the possession was a circumstance, which with other facts and circumstances, found or admitted, might authorise the court to say that the transaction was void for fraud. For fraud is a question of law, upon facts and circumstances found or admitted. If, said the court, by the arrangement of the parties, the vendor was to have the liberty to retain the slaves, until the ven-dee was required by him or his. assignee
 
 to pay
 
 the note given for the purchase money, then this would be a secret trust, for the benefit of the debtor at the expense of his creditors, which
 
 *648
 
 would make the act fraudulent and void as to his creditors__ The truth and the force of the facts and circumstances were. ' as it seems to us, left fairly to the jury, with instructions from thG cour|; as (0 ^e law, in case the jury found the facts to be true or not so. But in truth the court might have gone .much farther; for the plaintiff’s own witness expressly proved,
 
 that it did form part of the agreement of sale,
 
 that notwithstanding the absolute deed, the vendor was still to have the possession and use of the negroes, as before, for an indefinite period. Now, that amounts to an express secret trust for an insolvent vendor, and, upon every principle of law and fair dealing, must constitute a fraud on creditors deceived or hindered by the transaction. The principles of law, as laid down by the court, are we think correct; and therefore the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.